UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOLENE R. MEREDITH, o/b/o D.H., a minor child,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV-09-0384-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 18.) Jolene Meredith, mother of minor child, D.H., protectively filed for Supplemental Security Income (SSI) on behalf of D.H. Attorney Maureen J. Rosette represents the minor child (Plaintiff); Special Assistant United States Attorney Thomas M. Elsberry represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the transcript of proceedings and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry for Defendant.

**JURISDICTION**

On January 16, 2007, Jolene Meredith protectively filed an application for Supplemental Security Income (SSI) benefits on behalf of Plaintiff alleging disability due to a learning disorder,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

with an alleged onset date of September 1, 2006. (Tr. 13, 54, 99, 101.) Plaintiff was a school age child at the time the application was filed. (Tr. 15.) The application was denied initially and on reconsideration. After an administrative hearing at which Plaintiff's mother and medical expert R. Thomas McKnight, Ph.D., testified, the administrative law judge (ALJ), R. S. Chester, denied benefits on September 23, 2008. (Tr. 26-53, 12-24.) Plaintiff, who was present during the hearing, was represented by counsel. (Tr. 28.) A review was requested, and the Appeals Council denied review on November 12, 2009. (Tr. 1-5, 13-24.) At that time, the ALJ's decision became the final decision of the Commissioner. This appeal followed pursuant to 42 U.S.C. § 405(g).

## SEQUENTIAL EVALUATION FOR CHILDREN

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193, 110 Stat. 105, which amended 42 U.S.C. § 1382c(a)(3). Under this law, a child under the age of eighteen is considered disabled for the purposes of SSI benefits if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (2003).

Social Security regulations (Regulations) provide a three-step process in determining whether a child is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(a). If the child is not engaged in substantial gainful activity, then the analysis proceeds to step

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

two. Step two requires the ALJ to determine whether the child's impairment or combination of impairments is severe. *Id*. The child will not be found to have a severe impairment if it constitutes a "slight abnormality or combination of slight abnormalities that causes no more than minimal functional limitations." 20 C.F.R. § 416.924(c)  If, however, there is a finding of severe impairment, the analysis proceeds to the final step which requires the ALJ to determine whether the impairment or combination of impairments "meets, medically equals or functionally equals" the severity of a set of criteria for an impairment in the listings. 20 C.F.R. § 416.924(d).

The Regulations explain that an impairment will be found to be functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas. 20 C.F.R. § 416.926a(a). To determine functional equivalence, the following six domains, or broad areas of functioning, are utilized: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for yourself, and health and physical well-being. 20 C.F.R. § 416.926a(b). Limitations in functioning must result from the child's medically determinable impairments. 20 C.F.R. § 416.924a(a).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a

finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### STATEMENT OF FACTS

Plaintiff was entering fourth grade at the time of the hearing. (Tr. 40.)  He had attended elementary school in the Spokane School District, where he was in general education classrooms with one hour per day of special education services. (Tr. 41, 107.)  In 2007, his special education case manager reported Plaintiff received additional assistance in the general education classroom but exhibited no behavior problems. (Tr. 114.)  Plaintiff was one year behind in his reading and writing levels, and six months behind in math, but was considered pleasant, cooperative, and capable of work within a classroom setting at the school  (*Id.*; Tr. 116, 149.)  Plaintiff's third grade report card indicated he was doing satisfactory work in most subjects, but needed assistance in reading and writing, and some areas of math. (Tr. 132.)  Plaintiff had not failed any grade levels.

At the hearing, Plaintiff's mother testified Plaintiff got along well with the other children at school, but had problems completing homework, staying focused on school work and household chores, and keeping himself clean. (Tr. 42-43, 44-46.)  She reported he also complained of stomach problems at school and had missed several days at school due to stomach pain which she thought was related to stress after his grandfather's recent death. (Tr. 46-47.) She reported he was improving academically (Tr. 41), and had started counseling shortly after his grandfather died in February 2007.  (Tr. 48.)

**ADMINISTRATIVE DECISION**

ALJ Chester found Plaintiff was a school-age child at the time the application for benefits was filed and at the time of the hearing. (Tr. 15.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment at any time relevant to the proceedings. (Tr. 16.) At step two, he found the child had the severe impairment of a learning disorder. (*Id*.) Plaintiff's reactive airway disease and ear infections were found to be not severe. (Tr. 17-18.) At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that medically met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing), or functionally equaled a Listing, as defined in 20 C.F.R. §§ 416.924a(d), .926a. (Tr. 18.) Regarding the six domains of functioning assessed at step three, the ALJ determined Plaintiff did not have an "extreme" limitation in any domain of function, or "marked" limitations in any two domains. (Tr. 20-24.) The ALJ concluded Plaintiff's impairment did not functionally equal a Listing and, therefore, he was not disabled since the date the application was filed. (Tr. 24.)

**ISSUES**

The question presented is whether there is substantial evidence in the record to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff asserts the ALJ erred when: (1) he found the minor's impairment did not functionally equal a Listing; (2) he failed to give proper weight to the testimony of the mother and opinions from Plaintiff's teachers; and (3) he improperly relied on medical expert testimony that Plaintiff had "less than marked" limitations in the

domains of Acquiring and Learning Information and Attending to and Completing Tasks.  (Ct. Rec. 14 at 4-5.)

## DISCUSSION

**A.   Evaluation of Child Disability Cases**

Where a child's impairment does not meet or equal one of the Listings, his impairments are evaluated under a functional equivalency standard.  20 C.F.R. § 416.926a.  The ALJ is responsible for deciding functional equivalence after consideration of all evidence submitted.  20 C.F.R. § 416.926a(n).  The Regulations list the information and factors that will be considered in determining whether a child's impairment functionally equals a Listing.  20 C.F.R. § 416.926a; 20 C.F.R. § 416.924a, .924b.  Standardized testing provides important information about deficits in development and functioning in terms of standard deviations and percentiles.  20 C.F.R. § 416.926a(e)(1)(ii), (e)(2)(iii).   However, no single piece of evidence is considered in isolation.  Test scores alone can not establish a "marked" or "extreme" limitation in a domain.  20 C.F.R. §§ 416.924a(a)(1)(ii), .926a(e)(4).  The Commissioner must consider test scores together with reports and observations of school personnel and others.  20 C.F.R. § 416.924a(a); 20 C.F.R. § 416.926a(e)(4)(ii).   In assessing functional equivalence, the ALJ also considers how much extra help the child needs, how independent he is, how he functions in school, and the effects of treatment, if any.  20 C.F.R. § 416.926a(b).  In evaluating this type of information, the ALJ will consider how the child performs activities as compared to other children his age who do not have impairments.  20 C.F.R. § 416.926a(b).  This information comes from examining and non-examining medical sources as well as "other

sources," such as parents, teachers, case managers, therapists, and other non-medical sources who have regular contact with the child. *See, e.g.,* 20 C.F.R. § 416.913 (c)(3),(d); *Social Security Ruling* (*SSR*) 98-1p, IV.B. (*Sources of Evidence).*

Citing *Social Security Ruling* 06-03p, Plaintiff argues the ALJ should have given more weight to the opinions and observations of Plaintiff's mother and school personnel, who completed a Teacher Questionnaire in 2007. He contends their non-medical opinions establish "marked" limitations in the domains of Acquiring and Using Information and Attending and Completing Tasks. (Ct. Rec. 20 at 9-11.) He further contends substantial evidence does not support the non-examining medical expert's opinion that Plaintiff's impairments are less than marked in these two domains. (*Id*. at 11.) For the reasons discussed *infra,* these arguments are not persuasive.

**B.   Medical Expert Evaluation of the Case**

Where, as here, the record includes various reports from individual sources, the ALJ is required to consult with a "qualified specialist" to evaluate the case in its entirety. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014 (9th Cir. 2003) (*citing* 42 U.S.C. 1382c(a)(3)(I))(reliance on an individual evaluation or report is inadequate to meet statutory requirement that a child's case be evaluated in its entirety). The analysis and opinion of a qualified psychologist selected by the ALJ assists the Commissioner in his mandated responsibility to evaluate a child disability case in its entirety. 20 C.F.R. § 416.927(d)(1). In this case, the evidence includes results from psychological and intellectual functioning tests, together with reports from school psychologists, teachers and special education specialists. Evaluation of the case

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

as a whole by a qualified medical expert is critical to the adjudicator's longitudinal understanding of child's impairment and resulting limitations. *See Howard*, 341 F.3d at 1014; *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

The ALJ properly obtained a comprehensive case evaluation from Dr. McKnight, who has a Ph.D. in psychology, a M.Ed. in Education, and a bachelor's degree in speech and special education. (Tr. 74.) In addition, Dr. McKnight testified he is board certified in school psychology with a specialty in the diagnosis and assessment of mental disorders. (Tr. 34.) Dr. McKnight's credentials qualify him as a specialist for purposes of the mandated case evaluation in a child disability case. *Id.* Based on his review and interpretation of the entire record, Dr. McKnight concluded Plaintiff did not functionally meet a listing. (Tr. 36-39.) De novo review reveals his testimony is supported by substantial evidence.

**1.   Acquiring and Using Information Domain**

As testified by Dr. McKnight, the child's scores the Stanford-Binet Intelligence Scale-IV administered in May 2006 reflect no deficit in overall intellectual functioning. (Tr. 145.) Scores on the Wechsler's Individual Achievement Test-II showed limitations in solving arithmetic problems, although Plaintiff demonstrated he could understand the math reasoning. (Tr. 35, 146.) Dr. McKnight reported scores from neither test were two standard deviations below the mean. (Tr. 17, 35-36, 145.)  As found by the ALJ in his assessment of the six domains, and supported by Dr. McKnight's testimony, the standardized test scores do not establish a "marked" or "severe" limitation in the Acquiring and Using information domain. (Tr. 17, 20, 35-36.) *See* 20 C.F.R. § 416.926a(e),(g)(iv).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

In addition to test scores, the ALJ properly considered school reports that recommended Plaintiff receive special education services one hour a day to address his problems in the areas of reading, writing, and solving math problems, as well as progress reports and Individualized Educational Program (IEP) reports. (Tr. 20; *see, e.g.*, 146-52, 136-40.) The ALJ's summary of the evidence, Dr. McKnight's interpretation of the test scores, and reports from school personnel over the years support the ALJ's finding of "less than marked" limitations in the Acquiring and Using Information domain.

For example, in addition to the first grade testing, the record includes reports from second and third grade teachers. The longitudinal record shows that Plaintiff's special education case manager, Karen Wuesthoff, assessed five "serious problems" and one "very serious problem" in this domain in a March 2007 Teacher Questionnaire prepared for disability benefits purposes. (Tr. 108-09.) Plaintiff asserts these opinions, which were not rejected by the ALJ, are substantial evidence to support a finding of functional equivalence.

Plaintiff is correct that, in the evaluation of child disability cases, the opinions of a child's teachers are highly probative. As is the case with all "other source" or lay testimony, the educators' opinions must be considered and the weight given to them explained. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). If their opinions are rejected, the ALJ must give specific "germane" reasons for doing so. *Id.* Further, the Commissioner advises in his policy ruling that the opinions "other sources" such as teachers, who have had extended contact with

a claimant, may be used to reject the opinions of a treating or examining medical source, if their opinions are supported by other medical evidence in the record.  *Social Security Ruling* (*SSR*) 06-03p.

Although "other source" opinions may, under certain circumstances described in *SSR* 06-03p, be given more weight than a medical opinion, non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Likewise, "other source" opinions alone are insufficient to establish functional equivalence, an administrative finding that is reserved to the Commissioner.  20 C.F.R. §§ 416.927, 416.926a (e); *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997); *SSR* 06-03p.

Here, the ALJ properly considered the Teacher Questionnaire, noting that in the narrative portion of the Questionnaire, the teachers specifically commented Plaintiff was behind one year for reading and writing, and six months for math.  Nonetheless, as found by the ALJ, they opined that, despite his problems, Plaintiff was "fully capable of functioning within a classroom setting and school environment."  (Tr. 16, 114.)

By March 2008, Plaintiff's IEP reports indicated time devoted to special education services in the areas of reading and writing had not increased, and Plaintiff was requiring little, if any, classroom support for math.  (Tr. 139-40.)  Ms. Wuesthoff, who had followed Plaintiff from the time he was in first grade, noted in the 2008 IEP that Plaintiff was "very capable" of doing classroom work; she indicated his problem in the area of writing was lack of effort. No behavior or health problems were noted.  (Tr. 16, 136-39.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

Finally, Plaintiff's report card for the 2007-2008 school year indicates by the third trimester, Plaintiff was meeting or working towards his targets with assistance in the areas of reading, writing, and math. (Tr. 132.) He was not failing any subject. His third grade teacher noted "shows growth" and "satisfactory" effort in reading development. (*Id.*)

The longitudinal school records, including the numerical ratings in the Teacher's Questionnaire, are consistent with Dr. McKnight's interpretation of the standardized test results and his opinion that Plaintiff had problems in the Acquiring and Using Information domain, but they were "less than marked" limitations. The ALJ's finding of "less than marked" in this domain is supported by substantial evidence.

**2.   Attending and Completing Tasks Domain**

Regarding limitations in Plaintiff's Attending and Completing Tasks domain, after summarizing the Regulations applicable to Plaintiff's age group, ALJ Chester found less than marked limitations based on Dr. McKnight's testimony, Plaintiff's mother's testimony, and the school records. (Tr. 21.) In support of his finding, the ALJ referenced Ms. Wuesthoff's comments in reports that Plaintiff "fully capable of functioning" in a classroom setting, was able to do the work but "lacked effort in writing," and was able to do classroom math "with little if any support." (*Id.*, Tr. 114, 139, 140.) As discussed above, in 2007, Ms. Wuesthoff and Plaintiff's second grade teacher rated "obvious problems" in five activities, and one serious problem in "completing work accurately without careless mistakes" in the Attending and Completing Tasks domain. (Tr. 109.)

As is the case with the first domain findings, the longitudinal record reflects problems with effort and staying on task. However, it also shows improvement and satisfactory progress in the classroom setting. (*See, e.g.*, Tr. 132.) As noted by the ALJ and Dr. McKnight, progressive improvement in his academics was noted in the 2008 IEP, the level of special education support was not increased over the years, and his teacher reported he was fully capable of functioning with the classroom. (Tr. 21, 37, 109, 114, 139.) Plaintiff's school grades reflect satisfactory progress and his report card indicates satisfactory effort in multiple subjects. (Tr. 132.) The lack of failing grades or negative indicators in his third grade report card is inconsistent with a finding of disability. *Jamerson*, 112 F.3d at 1067. Plaintiff references no evidence from a medical source or school personnel to support a finding of marked limitations in the domain of Attending and Completing Tasks.

**C.   Other Source Evidence**

The assertion that Plaintiff's mother's testimony is sufficient to support a finding of disability is without merit. The ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague,* 812 F.2d at 1232. Moreover, an ALJ is obligated to give reasons "germane" to a lay witness's testimony before discounting it. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Although other source testimony may be used to show the severity of an impairment, it can never establish disability absent corroborating competent medical evidence. 20 C.F.R. § 416.913(a), (d)(4); *Nguyen,* 100 F.3d at 1467; *Vincent v. Heckler*, 739 F.2d 1393,

1395 (9th Cir. 1984).

After summarizing claimant's mother's testimony, the ALJ discounted her statements regarding the child's academic problems and limitations in personal hygiene, noting reports from school personnel or the child's treating physician do not support the degree of limitations alleged by claimant's mother. (Tr. 18-19.) He properly gave specific, germane reasons for rejecting the intensity and limiting effects allegedly caused by the child's impairments. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009). For example, the ALJ found school records show Plaintiff was improving in reading, writing, and math and claimant's mother testified that the child was improving academically. (Tr. 19, 37, 41, 43.) School records discussed above show that the child was meeting academic and work habit targets in several other subjects are consistent with the ALJ's reasoning. Throughout the record, Plaintiff was observed as "pleasant and cooperative," trying his best, able to focus on tasks, capable of doing the work, and willing to ask for directions by test administrators and teachers. (Tr. 19, 132, 138-40, 149-50, 152.) Significantly, as noted by the ALJ, the records report no behavior problems that impacted Plaintiff's learning. (Tr. 19.)

Regarding health problems, the ALJ noted claimant's mother testified the child's stomach problems and absenteeism were related to stress and grief caused by the recent death of the child's grandfather. (Tr. 19, 46-48.) As reported by Ms. Meredith, the child had started counseling for these issues. (Tr. 48.) The ALJ properly considered claimant's mother's testimony in his evaluation of the case and gave legally sufficient reasons for discounting allegations that were inconsistent with other evidence in the record

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

and his determination of non-disability. (Tr. 19.)

**CONCLUSION**

Viewing the record in its entirety, Dr. McKnight's testimony is consistent with standardized testing results, school records, and observations by teachers. Because Dr. McKnight's opinions are supported by substantial evidence and based on an evaluation of the entire case, the ALJ did not err in his reliance on the medical expert's opinions. The ALJ did not err in his consideration and evaluation of other source testimony. The record reflects substantial evidence to support the Commissioner's finding that Plaintiff had not been disabled since the application date. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 13**) is **DENIED.**

2. Defendant's Motion for Summary Judgment (**Ct. Rec. 18**) is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for **DEFENDANT.**

DATED April 5, 2011.

　　　　　　　　　S/ CYNTHIA IMBROGNO
　　　　　　　UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15